IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DELAWARE RIVERKEEPER NETWORK            :
AND THE DELAWARE RIVERKEEPER,           :
MAYA VAN ROSSUM,                        :
*Plaintiffs*,                             :
                                        :
                                        :
            v.                          :
                                        :
NATIONAL PARK SERVICE,                  :
*Defendant, and*                          :
                                        :
PENNSYLVANIA DEPARTMENT OF              :
TRANSPORTATION,                         :
*Defendant-Intervenor.*                   :
_____        **CIVIL ACTION**
                                        **No. 21-2797**
STEVEN GIDUMAL AND VIRTUS CAPITAL       :
ADVISORS LLC,                           :
*Plaintiff-Intervenors*,                  :
                                        :
            v.                          :
                                        :
NATIONAL PARK SERVICE,                  :
*Defendants, and*                         :
                                        :
PENNSYLVANIA DEPARTMENT OF              :
TRANSPORTATION,                         :
*Defendant-Intervenor.*                   :

---

**McHUGH, J.**                                      **April, 29, 2026**

**<u>MEMORANDUM</u>**

This is an environmental case arising out of the proposed demolition of a historic bridge over Tinicum Creek as part of a highway project by the Pennsylvania Department of Transportation (PennDOT) on Headquarters Road, then known as State Route 1012. The project required PennDOT to seek various federal approvals, including one from the National Park Service (NPS) under the Wild and Scenic Rivers Act. NPS concluded that the replacement of the road and

bridge would have no adverse impact upon Tinicum Creek and its free-flowing nature. That conclusion was disputed by an environmental watchdog, Delaware Riverkeeper Network, which then sued NPS under the Administrative Procedures Act. PennDOT intervened in that action, along with adjacent landowners Steven Gidumal and Virtus Capital Advisors, LLC. The landowners' position included a contention that demolition of the historic bridge was not required.

Years of litigation followed,[1] and the project was ultimately halted when PennDOT agreed to cede control of the road to Tinicum Township, and Tinicum found a way to upgrade the road without demolition of the historic bridge, instead relying on funds from private donors. This led Delaware Riverkeepers to move for voluntary dismissal, which I granted. But the case lingered, as intervenors Gidumal and Virtus Capital insisted that there were further issues requiring resolution. Aside from objecting to final dismissal, Gidumal and Virtus did nothing to pursue any claim, so the parties were directed to show cause why this action should not be dismissed in its entirety as moot.

Having reviewed the parties submissions, and given Gidumal and Virtus the opportunity to be heard, I am persuaded that there is no issue left for the Court to resolve. As a result of PennDOT's ceding the road to Tinicum Township, and the Township's ability to improve the road while preserving the bridge through the use of private funds, the result sought by Gidumal and Virtus has been achieved. The case was resolved without their participation, but that is of no legal significance given that the named parties have reached an agreement, and the final outcome is identical to the one that Gidumal and Virtus sought. For that matter, the result reached appears to be the product of a political process as much as this litigation.

---

[1] This case was re-assigned to my docket in May of 2024.

The "exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975). "The mootness doctrine derives from Article III of the Constitution, which limits the 'judicial Power' of the United States to the adjudication of 'Cases' or 'Controversies.'" *Am. Bird Conservancy v. Kempthorne*, 559 F.3d 184, 188 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2). There is a narrow exception to the mootness doctrine, where the conduct challenged is "capable of repetition, yet evading review." *Cnty. of Butler v. Governor of Pa.*, 8 F.4th 226, 231 (3d Cir. 2021) (quoting *Hamilton v. Bromley*, 862 F.3d 329, 335 (3d Cir. 2017)). But this exception "applies only in exceptional situations" where "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Id.* The Court of Appeals has cautioned "[t]here must be more than a theoretical possibility of the action occurring against the complaining party again; it must be a reasonable expectation or a demonstrated probability." *Id.* (citing *Murphy v. Hunt*, 455 U.S. 478, 482 (1982)).

In this case, the Tinicum project is underway, and it is extraordinarily unlikely that the resolution—negotiated over many years' time with the participation of the relevant governmental entities—will unravel. And as to review, if circumstances change, either because Tinicum alters course or PennDOT reasserts jurisdiction over the road and the bridge, that would breach the settlement reached by the parties and undoubtedly revive litigation in some form.

At argument, Gidumal and Virtus asserted that the settlement negotiated vindicates their contention that demolition of the bridge was never required. As a factual matter, that likely overstates the case, because projects pursued with public funds are often subject to more restrictions and regulation than those funded privately. As a legal matter, even if Gidumal and

Virtus are correct, that does not change the fact that the dispute giving rise to jurisdiction no longer exists.  In practical terms, they seek to litigate in the abstract, challenging the process by which the NPS made its original determination.  But a district court is neither an Inspector General nor a Congressional oversight committee—it exists to resolve cases and controversies, and here there are none.

This action will therefore be dismissed as moot.

/s/ Gerald Austin McHugh
United States District Judge